UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KEVIN P. MILLER,                )
                                )
        Plaintiff,               )
                                )
    v.                           )   No. 4:05CV1345(AGF)
                                )
CRISTINA MILLER-FITZGIBBONS,    )
et al.,                          )
                                )
        Defendants.              )

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Kevin P. Miller for leave to commence this action without payment of the required filing fee [Doc. #1]. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v.

Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Notice of Removal**

Plaintiff has filed a "Notice of Removal" seeking to remove a state court child custody proceeding to this Court.

**Discussion**

Plaintiff's attempt to remove the state court child custody action to this Court should be denied and the action remanded back to the state courts. First, the Court notes that it appears from the notice that plaintiff was the losing party in the state court custody proceeding and the losing party in an appeal of the custody decree. See Plntf's Notice of Removal, p. 1, para. 1 ("Notice of Removal from the state court/s of Missouri; Missouri

Court of Appeals, ED no. Ed83945 - St. Louis family court no. 01fc-00311;05CR-3340"). Because the instant action comes after plaintiff has already been denied relief in the state courts,[1] the instant attempt to remove is barred under by the Rooker-Feldman doctrine. See Exxon Mobil Corp. v. Saudi Basic Industries Corp., 125 S. Ct. 1517, 1526 (2005) (Rooker-Feldman does not authorize appellate review of state court decision by federal district court).

Second, even if not barred by the Rooker-Feldman doctrine, this Court lacks subject matter jurisdiction over this case. Because both plaintiff and defendant appear to be citizens of Missouri, no jurisdiction exists under 28 U.S.C. 1332. Furthermore, the domestic relations exception precludes the exercise of federal jurisdiction. Cf. Kahn v. Kahn, 21 F.3d 859 (8th Cir. 1994).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #1] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon this action because the action is legally frivolous or fails to state a claim upon which

---

[1] The appeal to which plaintiff refers in his notice of removal was dismissed by the Missouri Court of Appeals, Eastern Division, on April 28, 2004. See Miller v. Miller, No. ED83945 (Mo. App. E.D.) www.courts.mo.gov/casenet.

relief may be granted or both.  See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that this matter is remanded to the appropriate state court.  See 28 U.S.C. § 1446(C)(4).

An appropriate order shall accompany this order and memorandum.

Dated this 14th day of December, 2005.

_____
**UNITED STATES DISTRICT JUDGE**